IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-CR-30167-SMY |
| | ) |
| **EARL G. RICE, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

# **ORDER**

Pending before the Court are Defendant Earl G. Rice, Jr.'s "Motion Under FRCvP Rule 7(f), Bill of Particulars, and Order for Government to Provide Defendant with Essential Elements Lacking in the Indictment" (Doc. 16) and the Government's response (Doc. 17).

Rice, who is proceeding *pro se* with standby counsel, Assistant Federal Public Defender Daniel G. Cronin, was indicted on December 10, 2019 for Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Count 1), Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) and § 2423(f) (Count 2), and Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) (Count 3). This matter is set for a final pretrial conference on June 9, 2020 and jury trial on June 22, 2020 (Doc. 18).

In his motion, Defendant makes various arguments ranging from the Court's lack of subject matter jurisdiction, erroneous appointment of stand-by counsel, and denial of access to documents and communication with the Assistant United States Attorney – the latter of which will be addressed in this Order.[1] Defendant seeks various information: (1) more particular information about the site of the alleged crimes; (2) a copy of the "information and or complaint" tendered to the grand jury and a transcript of those proceedings; and (3) the name and medical information of

---

[1] Defendant's other arguments are made in a recently filed "Motion to Stay Any and all Proceedings . . ." (Doc. 19) and will be addressed by separate order.

the injured party. As an initial matter the Motion is untimely; it was filed after the February 14, 2020 deadline to file pretrial motions (Doc. 15). Moreover, the Motion must be denied on other grounds.

Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars" at its discretion if the indictment fails to provide sufficient notice of the charges to allow a defendant to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). Additionally, a bill of particulars is not required if the information Defendant needs is provided through other means, like discovery. *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

The Indictment in this case provides information sufficient to place Defendant on notice of the charges against him to allow him to prepare for trial, including the dates and county where the alleged illegal activity occurred and a description of that activity. The Government has also provided discovery consistent with Federal Rule of Criminal Procedure 16 and has made physical evidence available for inspection upon Defendant's request. Defendant's request for proof of ownership of the location of events is immaterial, his request for a copy of the information or complaint is moot because the charging document is the indictment, his request for the grand jury transcript is inconsistent with Federal Rule of Criminal Procedure 6(E)(ii), and there is no showing that the minor victim's name or medical information is necessary or consistent with 18 U.S.C. § 3509.

For the foregoing reasons, Defendant's Motion is **DENIED** with respect to his request for a bill of particulars and access to certain documents.

**IT IS SO ORDERED.**

**DATED:  May 21, 2020**

**STACI M. YANDLE**
**United States District Judge**