IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CR-30167-SMY-1 |
| ) | |
| EARL G. RICE, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant Earl G. Rice, Jr.'s *pro se* "Motion to stay any and all proceedings in the above styled cause and to set status hearing concerning this courts lack of subject matter jurisdiction or in the alternative dismiss all charges with prejudice" (Doc. 19) to which the Government responded (Doc. 22). For the following reasons, the Motion is **DENIED** in its entirety.

Rice, who is proceeding *pro se* with standby counsel, Assistant Federal Public Defender Daniel G. Cronin, was indicted on December 10, 2019 on charges of Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Count 1), Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) and § 2423(f) (Count 2), and Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) (Count 3). This matter is currently set for jury trial on June 22, 2020.

In his Motion, Rice argues that this Court lacks subject matter jurisdiction because the location of the events alleged in the Indictment occurred in St. Clair County, Illinois and not the United States. "[D]istrict judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original; citing 18 U.S.C. § 3231). Thus, as Rice is charged

with violations of federal law within this judicial district, he is properly before this Court. Rice also suggests that this Court lacks personal jurisdiction. Such claims have been readily rejected by the Seventh Circuit. *See United States v. Phillips,* 326 Fed.Appx. 400, *1 (7th Cir. 2009) (holding that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law."). Thus, Rice's request for a stay of proceedings, or in the alternative, dismissal of all claims with prejudice is without merit and therefore denied.

Additionally, Rice requests that the Court schedule a status conference "to hear the many problems [he] is experiencing" with this Court and essentially all agencies involved in the proceedings and his detention. The Court will address any such problems that may properly be brought before it at the final pretrial conference on June 9, 2020.

**IT IS SO ORDERED.**

**DATED: June 9, 2020**

**STACI M. YANDLE**
**United States District Judge**