IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  19-CR-30167-SMY |
| vs. | ) | |
| | ) | |
| EARL G. RICE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Alexandria M. Burns and Karelia S. Rajagopal, Assistant United States Attorneys, hereby files its trial memorandum regarding potential evidentiary issues which may arise at trial.

The indictment charges the defendant as follows: Count 1: Enticement of a Minor in violation of 18 U.S.C. 2422(b); Count 2: Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. 2423(b); and Count 3: Sexual Exploitation of a Minor in violation of 18 U.S.C. 2251(a).  The government anticipates certain potential evidentiary issues arising at trial, and in an effort to streamline the presentation of the government's case, offers the following in advance of trial concerning those potential evidentiary issues:

    **I.**     **Chain of Custody**

"There is no rule that the prosecution must produce all persons who had custody of the evidence to testify at trial." *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989). For admission of physical evidence, there must be a showing that the exhibit is in "substantially the same condition" as when seized. *United States v. Aviles*, 623 F.2d 1192, 1197 (7th Cir. 1980). There are no "rigid rules" for authentication, like chain of custody. *United States v. Brown*, 136

F.3d 1176, 1181 (7th Cir. 1998). If no evidence of tampering, all the government need show is that reasonable means were followed to preserve the evidence. *Aviles*, 623 F.2d at 1197. As demonstrated in *Aviles*, a lab chemist's testimony that seals were intact on evidence when opened to analyze the evidence, it was reasonable for the Court to find the evidence was in the same condition as when seized. *Id.* Further, any defects found in chain of custody would go to the weight of the evidence, not the admissibility. *United States v. Tatum*, 548 F.3d 584, 587-88 (7th Cir. 2008).

## II.     Foundation for Exhibits

The Government will seek to authenticate, admit, and publish the below-listed items as exhibits at trial. As an initial starting point, the Government submits all of the evidence discussed below is relevant.  Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Pursuant to Federal Rule of Evidence 402, "all relevant evidence is admissible." Fed. R. Evid. 402.  Relevant evidence should be admitted unless its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

In order to authenticate an exhibit, Federal Rule of Evidence 901(a) requires the proponent to introduce "evidence sufficient to support a finding that the matter in question is what the proponent claims. F.R.E. 901(a); *See also United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997) (The task of deciding the evidence's true authenticity and probative value is left to the jury).

The Court should admit all of the below-listed evidence as direct, relevant evidence that proves the elements of the crimes for which Rice is charged.

### A. Rice's electronic devices and their forensic examination

The United States expects the evidence at trial will establish that three electronic devices belonging to Rice were seized from his Super 8 Room on February 15, 2018. Those devices were forensically examined by Belleville Police Department and found evidence of child pornography and conversations with C.J. Rice provided signed consent to search a Nokia 6455 flip phone. In a recorded interview, he refused to provide consent to search two additional phones: a Nokia 6350 and a Nokia Lumia. However, Rice described the Lumia phone as his "touch screen." Additionally, Rice admitted to communicating with C.J. through online and text messages using various electronic devices. A search warrant was granted for the Lumia and 6350 and images constituting child pornography of C.J. were located. Text messages and online messages with C.J. were also identified on the devices. Rice's statements, in connection with the location of the seized items and the content of the devices, provide the foundation for the electronic devices.

### B. Mingle Messages and Text Messages

The United States expects the evidence at trial to establish that online messages and text messages were exchanged between Defendant and C.J. Defendant, through his recorded statement to Detective Collins, identified his communications with C.J. C.J. also identified communicating with the Defendant through online chat and text message.

Evidence may be authenticated through the testimony of a person with knowledge. *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) (citing F.R.E. 901(b)(1)). A defendant's own statements are admissible against him under Fed. R. E. 801(d)(2)(A). *See United States v. Lewisbey*, 843 F.3d 653, 658 (7th Cir. 2016) ("The text messages Lewisbey *sent* are his own statements and as such are excluded from the definition of hearsay by Rule 801(d)(2)(A)." The messages he *received* were admitted not for the truth of the matter asserted but instead to provide

context for Lewisbey's own messages. *See* FED. R. EVID. 801(c)(2); *United States v. Robinzine*, 80 F.3d 246, 252 (7th Cir. 1996) (Statements offered not to prove "the truth of the matter asserted" but for another legitimate purpose do "not even fit the definition of hearsay.") (emphasis in original).

The admission of the chat messages does not contravene the defendant's Sixth Amendment rights. The Confrontation Clause provides that an accused has the "right to be confronted with the witnesses against him." U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). C.J. will be present at trial and available for cross-examination on her respective statements. Thus, there is no *Crawford* issue. *See, e.g.*, *United States v. Garcia*, 447 F.3d 1327, 1335 (11th Cir. 2006) (finding no constitutional violation where witness testified at trial, noting that the Sixth Amendment "bars the admission of the out-of-court statements of declarants who do *not* testify at trial") (emphasis added); *cf. United States v. Whatley*, 197 F. App'x 894, 894 (11th Cir. 2006) ("In this case, there was no Sixth Amendment violation because the declarant, the girlfriend, was made available for Whatley's cross-examination at the revocation hearing."). Moreover, any statements from the Defendant are admissible as statements of a party opponent under Fed. R. E. 801(d)(2)(A). *See also United States v. Reed*, 227 F.3d 763, 770 (7th Cir. 2000).

### C.  Sexual Assault Examination Kit/buccal/DNA report

The United States will seek to admit swabs taken during C.J.'s sexual assault examination, swabs taken from the Defendant, and a DNA report of the results. Testimony from Dr. Rachel Charney will establish the procedure used to take the swabs and the storage of the swabs for further police investigation. Detective Sandy seized the examination kit that contained swabs from C.J. and was subsequently used in DNA testing. Testimony from Detective Foppe will establish the procedure used to take swabs from the Defendant. Defendant's swabs were also subsequently used

4

for DNA testing. Both Defendant and C.J.'s swabs were submitted for DNA testing by Belleville Police to the Illinois State Police ("ISP") lab. Testimony will further establish that ISP lab contracted with Bode Labs for DNA testing. Finally, testimony from Bode Lab Analyst Yizhou Jiang will establish that swabs from both C.J. and Defendant were received. Jiang analyzed those samples and wrote a report of findings. That report is admissible under Fed. R. E. 803(6) as a business record.  Testimony will establish that the report was made by Jiang near the time of the analysis; the report was kept as a regularly conducted activity of the lab's business; and the report was made as a regular practice of DNA analysis.

### D.  Photograph of C.J. from hospital

The United States will seek to admit a photograph of C.J. taken at the hospital on February 15, 2018. C.J., her mother, treating physician Dr. Charney, and Detective Sandy will all be able to testify that is what C.J. looked like on the date at issue. Specifically, this photograph will depict C.J. as the Defendant would have seen her at the time of the incident. The jury should be entitled to view C.J. as she would have appeared at the time of the incident, not only how she appears today, over 3 years older.

### E.  Video Surveillance from Super 8

The United States will seek to admit surveillance footage from the scene of the Super 8 that depicts Defendant, Defendant's vehicle, and a person consistent with C.J. For video recordings, the Government only need to show that the camera functioned properly, and the recording fairly and accurately represented the scene depicted. Fed. R. E. 801; see *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012). An eyewitness to the crime, such as C.J. or the employee that was present at the time of the recording, is able to authenticate the surveillance by

testifying that they fairly and accurately depict the scene. *United States v. Richardson*, 562 .2d 476, 479 (7th Cir. 1977).

### F.  Motel Receipt from Super 8

A Super 8 receipt and a copy of Defendant's identification card were seized from the Super 8 by Belleville Police Department. In his statement to police, Defendant admitted to reserving a room at Super 8 prior to his arrival and "checking in" while C.J. waited in the car on February 14, 2018. Testimony from Belleville Police will establish that a copy of a receipt with Defendant's identifying information and a copy of his ID were seized from the Super 8.

### G.  Photos of Scene at Super 8

Any witness who was present at the scene of the crime can testify to the accuracy of the photographs so long as they can establish it is a fair and accurate depiction of the scene at the time it was documented. Any law enforcement officer on scene or the victim, C.J., could provide such foundation testimony.

### III.  Non-Pattern Instructions are Necessary

It is well-settled in the 7th Circuit that trial courts have wide discretion to fashion non-pattern instructions that "fairly and accurately" summarize the law. *See United States v. Lawrence*, 788 F.3d 234, 245 (7th Cir. 2015); *See also Cote*, 504 F.3d at 687 ("We give the district court substantial discretion with respect to the precise wording of jury instructions so long as the final result, read as a whole, completely and correctly states the law"); *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *Doe v. Johnson*, 52 F.3d 1448, 1456 (7th Cir. 1995). A party is also entitled to instructions that support their case-theory if: (1) the instruction provides a correct statement of the law; (2) the theory is supported by the evidence; and (3) the failure to include the instruction would deprive the party of a fair trial. *Id.* The government's proposed instructions will be consistent with

existing caselaw and also honor the admonition in the Committee notes to the 7th Cir. Criminal Pattern Jury Instructions that "the trial judge should give instructions that define the precise mental state required by the particular offense charged." *See* 7th Cir. Crim. Instruction 4.12 at *Committee Comment.*

### A. Count 1: Enticement of a Minor (18 U.S.C. 2422(b))

It is important to recognize that the gravamen of the offense for Count One ***is the encouragement and obtaining of a minor's agreement to engage in sexual activity*** and not the sex act itself. *United States v. Cochran*, 534 F.3d 631, 634 (7th Cir. 2008); *see also United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) ("Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves."). Presumably, encouragement/enticement statutes such as those charged in Count 1 make criminal the mere act of procuring the agreement of a minor, rather than the completed act of sex with a minor, because Congress does not want an adult to be able to obtain the agreement of a minor to have sexual relations and then leave it up to the adult as to whether the sex act occurs or not. Furthermore, there are separate Federal laws that criminalize one who acts upon an actual intent to engage in sexual activity with a minor or attempts to do so. *See, e.g.,* 18 U.S.C. § 2423 and Count 3.

### B. Count 2: Interstate Travel with Intent to Engage in Illicit Sexual Conduct (18 U.S.C. 2423(b))

The Government is not required to prove that Defendant's travel from Missouri to Illinois was solely for the purpose of unlawful sexual act with C.J. *United States v. Vang*, 128 F.3d 1065, 1070–72 (7th Cir. 1997) (requiring the "immoral purpose" to be a "'significant' or 'compelling' or 'efficient'" purpose of the travel); *United States v. McGuire*, 627 F.3d 622, 625- 26 (7th Cir.

2010)(Court should look to whether or not the trip would have taken place, or would have differed substantially, had a sex motive not been present); *United States v. Danser*, 110 F. Supp. 2d 807, 824 (S.D. Ind. 1999)(holding that engaging in a sexual act with a minor must be a "significant" or "motivating" purpose for the travel but need not be the most important reason).

### C. Count 3: Sexual Exploitation of a Minor (18 U.S.C. 2251(a))

Defendant makes several statements to police that include allegations that C.J. tried to send him sexually explicit images prior to their meeting. Defendant also states that C.J. directed him to take a photograph of her "coochie" when in the motel room. Defendant also makes several statements regarding C.J.'s age—including that he initially believed she was 18. Instructions to the jury on the law are appropriate and necessary.

The law does not require that the Government prove Rice knew that C.J. was a minor when he produced the images of sexually explicit conduct. All the Government must prove is that C.J. was a minor at the time of the visual depiction of the sexually explicit conduct. *United States v. Fletcher,* 634 F.3d 395, 401-405 (7th Cir. 2011); *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 76 n.5 (1994). *See also* Committee Comment to 7th Circuit Patten Instruction for Sexual Exploitation of Child – Elements. 18 U.S.C. 2251(a).

### D. Consent is not a defense to any of the charges against Rice

Consent by C.J. is not a defense to Counts 1, 2, or 3. *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004) ) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation."); *see also United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010); *United States v. Douglas,* 415 F. App'x 271, 274 (2d Cir. 2011) ("The inquiry therefore is whether Douglas attempted to gain the consent or willingness of a minor to engage in

8

criminal sexual activity, not whether he attempted to have sex with a minor."); *United States v. Dye*, 2010 WL 4146187, *3 n.3 (3d Cir. 2010) ("Dye's 'hot to trot' defense is especially troubling because its underlying premise is that it is possible for a 14-year-old child to seduce a 36-year-old man, absolving the man of criminal liability for engaging in, or attempting to talk the minor into engaging in, illicit sexual activity. Dye cites no case law, however, to support the notion that minors-who are, by law, unable to even consent to sexual activity, can 'ask for it' in such a way that it becomes legally permissible for adults to entice minors into sexual escapades.') (citing *United States v. Remoi*, 404 F.3d 789, 795 (3d Cir. 2005)); *United States v. Street*, 531 F.3d 703, 709 (8th Cir. 2008). *See also United States v. Fletcher,* 634 F.3d 395, 401-405 (7th Cir. 2011).

   E. Interstate Nexus

Testimony about the interstate or foreign commerce nexus is required for each of the three counts. There are numerous ways to present evidence in support of this requirement. One such way the law permits is evidence of use of the internet to satisfy the interstate commerce nexus. *See United States v. Lewis*, 554 F.3d 208, 215 (1st Cir. 2009); *United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir. 2006); *United States v. Runyon*, 290 F.3d 223, 239 (5th Cir. 2002). *United States v. Horne*, 474 F.3d 1004, 1006 (7th Cir. 2007). *See also United States v. Chaparro*, 956 F.3d 462, 470 (7th Cir. 2020). Another way that impact on interstate or foreign commerce can be established is through use of materials that have been manufactured outside of the state of Illinois or use of materials that have been shipped in interstate or foreign commerce. *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995); *United States v. Vickerage*, 921 F.2d 143, 147 (8th Cir. 1990); *United States v. McGinnis,* 783 F.2d 755, 757 (8th Cir. 1986); *United States v. Angle*, 234 F.3d 326, 341 (7th Cir. 2000) (rejecting restrictive definition and holding that images

copied onto computer diskettes are "produced"); *United States v. Robinson*, 137 F.3d 652 (1st Cir. 1998)(noting evidence of photographs taken with camera and film manufactured outside of state was offered to show "production" using materials shipped in interstate commerce); *United States v. Lacy*, 119 F.3d 742, 750 (9th Cir. 1997) (finding images copied onto computer were created and therefore "produced"); *United States v. Poulin*, 631 F.3d 17 (1st Cir. 2011). Additionally, and most simply, evidence of travel by a person between one state to another "inherently involves use of channels of interstate commerce and is properly subject to congressional regulation." *United v. Vasquez*, 611 F.3d 325, 330 (7th Cir. 2010); see also *United States v. Lopez*, 514 U.S. 549, 558 (1995).

    **IV.**    **Transcription as Aid to Jury**

The Government intends to offer a transcript of video recorded statements of the Defendant and victim, if admitted. The Court has broad discretion to admit a transcript of a recording as an aid to the jury. *United States v. Breland*, 356 F.3d 787, 794-95 (7th Cir. 2004). The Court needs to instruct the jury that *only* the recording was evidence, and if the jury could not understand portions of the recording or there was any discrepancy, they should disregard that portion of the transcript and rely solely on the recording. *United States v. Ceballos*, 385 F.3d 1120, 1124 (7th Cir. 2004); *United States v. Crowder,* 36 F.3d 691, 697 (7th Cir. 1994). Further, the transcripts can be used by the jury in their deliberations when the underlying recordings are played during the trial. *Id.* at 697; *United States v. Puerta Restrepo*, 814 F.2d 1236, 1242 (7th Cir. 1987).

WHEREFORE, the Government respectfully brings these potential evidentiary issues to this Honorable Court's attention so that the Court has the opportunity to consider them before they are raised at trial.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney


*/s/Alexandria Burns*
**ALEXANDRIA M. BURNS**
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 Telephone
E-mail:Alexandria.Burns@usdoj.gov

*/s/Karelia S. Rajagopal*
**KARELIA S. RAJAGOPAL**
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 Telephone
Email: Karelia.Rajagopal@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EARL G. RICE, JR., )<br>)<br>Defendant. ) | No. 19-CR-30167-SMY |

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2021, I electronically filed the **Government's Trial Memorandum** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants

A copy of this document will be mailed to:

Earl G. Rice, Jr.
Monroe County Jail
225 East Third Street
Waterloo, IL 62298

STEVEN D. WEINHOEFT
United States Attorney

*/s/Alexandria Burns*
ALEXANDRIA BURNS
