IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CR-30167-SMY |
| | ) |
| EARL G. RICE, JR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Before the Court are Government's Motions in Limine (Docs. 34-38, 52-53) and Defendant Earl G. Rice, Jr.'s Motion in Limine (Doc. 56). The Court conducted a Final Pretrial Conference on September 30, 2021 and made the following rulings on the record:

Government's Motion in Limine (Doc. 34) seeking to use only the first name of the minor C.J. at trial. The motion is **GRANTED**. Any inadvertent mention of her last name shall be automatically redacted from the transcript.

Government's Motion in Limine (Doc. 35) seeking to: (1) prohibit defendant from defining or attempting to define "reasonable doubt' to the jury; and, (2) bar defendant from arguing, attempting to argue, or suggesting the possibility of jury nullification, to include any implicit or explicit suggestion to the jury that the defendant should not be convicted of the offense because the victim participated in the charged offenses. The motion is **GRANTED**.

Government's Motion in Limine (Doc. 36) seeking to prohibit defendant from introducing portions of his initial videotaped interview as inadmissible hearsay. The motion is **Granted**. The Government will be allowed to introduce portions of Defendant's *second* videotaped statement admitting that he took pictures of the victim's genitalia.

Government's Motion in Limine (Doc. 37) seeking to prohibit defendant from arguing that consent to sexual intercourse and/or the videotaping of the sexual intercourse is a legal defense to any count of the indictment. The motion is **GRANTED**.

Government's Motion in Limine (Doc. 38) seeking to prohibit defendant from presenting any evidence or argument that the defendant mistakenly believed that the victim was 18 years of age, as a defense to Counts 2 and 3 of the Indictment. The motion is **GRANTED**.

Government's Motion in Limine (Doc. 52) seeking to admit video interview by juvenile sexual assault victim. The motion is **DENIED** as moot.

Government's Motion in Limine (Doc. 53) seeking to: (1) admit the CAC video interview by juvenile sexual assault victim; (2) permit the United States to introduce prior consistent statements of C.J. that were made to police and a social worker on February 15, 2018 and the forensic interview video recorded on March 8, 2018; and, (3) permit the United States to call the specific officers and social worker to testify to C.J.'s statements. The motion is **GRANTED**.

Defendant's Motion in Limine seeking to introduce evidence challenging the jurisdiction of this Court (Doc. 56 and attached Exhibits 1 and 2). The Court previously ruled on the same jurisdictional issues on June 9, 2020 (Doc. 24):

> "In his Motion, Rice argues that this Court lacks subject matter jurisdiction because the location of the events alleged in the Indictment occurred in St. Clair County, Illinois and not the United States. "[D]istrict judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original; citing 18 U.S.C. § 3231). Thus, as Rice is charged with violations of federal law within this judicial district, he is properly before this Court. Rice also suggests that this Court lacks personal jurisdiction. Such claims have been readily rejected by the Seventh Circuit. *See United States v. Phillips,* 326 Fed.Appx. 400, *1 (7th Cir. 2009) (holding that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law."). Thus, Rice's request for a stay of proceedings, or in the alternative, dismissal of all claims with prejudice is without merit and therefore denied" (Doc. 24 at 1-2).

The motion is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED:  October 8, 2021**

                                                 **STACI M. YANDLE**
                                                 **United States District Judge**