IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30167-SMY |
| | ) |
| EARL G. RICE, JR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

The matter is before the Court on Defendant Earl G. Rice, Jr.'s *pro se* motion for copies (Doc. 82) in which he requests:

- Four Copies each of CJA Form No. 23 and Federal Rules of Appellate Procedure Form No. 4.
- A copy of the following filings from the instant case: Docs. 2-5, 9, 10, 16, 18, 19, 21, 23, 25-28, 55, 56, 61-64, 73, 75 and 80-81.
- A PACER report from 12/10/2019 through 10/25/2021.
- All Court transcripts from the instant case for proceedings December 27, 2019 through the conclusion of trial (October 18, 2021).
- "[N]ames of the current Chief of Justice or Judge and the additional most senior Judges who comprise this circuits Judicial Counsil."

Generally, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the

documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). In making such determinations, the Court is obliged to liberally construe requests from *pro se* litigants, *see Hughes v. Rowe,* 449 U.S. 5, 9–10 (1980). These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense.

Defendant Rice has not made the requisite showing. Although he is financially unable to secure access to his court files, he has not established that he has exhausted all other means of obtaining the documents (ie., requesting the same from Standby Counsel). And while the Court assumes Rice is preparing for an appeal, he has yet to be sentenced and has not demonstrated that the documents are necessary for a specific court action. Finally, to the extent Defendant requests names of current court officials, he can locate this information available on public record without aid of the Court.

For the reasons stated herein, Defendant's motion is **DENIED in part** and **GRANTED in part**. The Clerk of Court is **DIRECTED** to send to Defendant a copy of the docket sheet, a copy of CJA Form No. 23, and a copy of Federal Rules of Appellate Procedure Form No. 4. Defendant is **ADVISED** that no additional copies will be provided until he has met the minimal requirements outlined above.

**IT IS SO ORDERED.**

**DATED: December 13, 2021**

**STACI M. YANDLE**
**United States District Judge**