IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cr-30167-SMY |
| | ) |
| **EARL G. RICE, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**YANDLE, District Judge:**

The matter is before the Court on Defendant Earl G. Rice, Jr.'s *pro se* motions for copies (Doc. 118). Rice seeks the entire court file at no charge. Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Although Rice is financially unable to secure access to his court files, he has not shown that he has exhausted *all* other means of access to his files through his appointed stand-by counsel.

Nor has he established that the documents are necessary for a specific court action.[1]  Accordingly, the motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  April 20, 2023**

                                  **STACI M. YANDLE**
                                  **United States District Judge**

---

[1] The Court notes that Rice's direct appeal was decided on March 23, 2023, and there are no other proceedings pending.  See, No. 22-1406 (7th Cir. 2023).